UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PAMELA A. GAMBREL,

        Plaintiff,

  v.                                                     Case No. 05-C-968

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.

**ORDER**

Plaintiff Pamela Gambrel challenged the decision of Defendant Jo Anne B. Barnhart, Commissioner of Social Security, to deny plaintiff's application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act"), 42 U.S.C. § 401 *et seq.*, and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq.*  The court found that the denial was not supported by substantial evidence and remanded the case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  Plaintiff has now timely moved for an award of attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).  For the following reasons, plaintiff's motion will be granted.

The EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).  A plaintiff seeking fees must show that he has prevailed, must timely file his application for attorney fees, and must prove the amount of his fees.  28 U.S.C.

§ 2412(d)(1)(B). The parties agree that plaintiff prevailed in this litigation and that the application is timely. *See Shalala v. Schaefer*, 509 U.S. 292, 300-302 (1993) (holding that plaintiff who secures sentence-four remand is "prevailing party" under EAJA). Plaintiff's counsel has submitted an affidavit showing that he spent 37.40 hours on the litigation. At an hourly rate of $153.75 for 2.80 hours worked in 2005, and $157.50 for 34.60 hours worked in 2006, plaintiff's counsel's fees total $5,880.00.[1] Defendant has not argued that "special circumstances" would make an award of attorney's fees unjust, so the sole issue is whether the Commissioner's position was substantially justified.

A plaintiff seeking an award of fees must allege that the government's position was not substantially justified, 28 U.S.C. § 2412(d)(1)(B), and the burden thereafter rests on the government to rebut that allegation. *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994). "Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought." 28 U.S.C. § 2412(d)(1)(B). The government's position is substantially justified if it is "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). In the Seventh Circuit's phrasing, the substantial justification standard requires the government to show that its position was grounded in "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *Phil Smidt & Son, Inc. v. N.L.R.B.*, 810 F.2d 638, 642 (7th Cir. 1987) (quoting *Donovan v. DialAmerica Mktg, Inc.*, 757 F.2d 1376, 1389

---

[1] Defendant does not contest the plaintiff's attorney hours billed, method of calculation, or the calculations themselves.

(3d Cir. 1985), *cert. denied*, 474 U.S. 919 (1985)). "[A] position can be substantially justified even though it is not correct . . . ." *Pierce*, 487 U.S. at 566 n.2. Thus, attorney fees are not to be awarded simply because the Commissioner lost the case. *See Brouwers v. Bowen*, 823 F.2d 273, 275 (8th Cir. 1987).

A court may award EAJA fees if either the Commissioner's pre-litigation conduct or her litigation position was not substantially justified. *Cunningham v. Barnhart*, 440 F.3d 862, 863 (7th Cir. 2006). The ALJ's decision is part of the action that gives rise to the earlier litigation in district court, and thus it constitutes part of the Commissioner's pre-litigation conduct. *Id.* In evaluating whether the Commissioner's position is substantially justified, a reviewing court is to look at the whole of the government's conduct, rather than focus on isolated aspects of the government's position. *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 161-62 (1990).

Defendant argues that her position before this court and in pre-litigation conduct was substantially justified such that an award of fees would be inappropriate. This court remanded the case for further proceedings because neither the vocational expert ("VE") nor the ALJ adequately explained why plaintiff's relevant past work (as a fast-food services manager) met the job description assigned to her (food services manager) with respect to her visual limitations.[2] (Order of July 19, 2006, at 14-15.) Defendant argues her pre-litigation conduct was substantially justified

---

[2] In that order, this court noted:

> The distinction between a food service manager [the job description erroneously given to plaintiff's past work by both the VE and the ALJ] and a fast food services manager is an important one, because the latter job requires frequent near visual acuity and accommodation, whereas the former requires only occasional near visual acuity and accommodation. The vocational expert opined that plaintiff could not perform a job that required frequent near visual acuity.

(Order of July 19, 2006, at 14.)

3

because the ALJ reasonably relied on the unchallenged (though defective) testimony of an impartial and qualified VE to reach his conclusion that plaintiff could return to her past relevant work. (*See* Def.'s Reply Br. at 3.) As to her litigation position, defendant argues she has reasonably defended the ALJ's decision, given that the two job descriptions are very similar in the Dictionary of Occupational Titles ("DOT") and "therefore could reasonably be characterized as falling into the same past relevant work category." (*Id.* at 3-4.)

Defendant's arguments overlook the critical fact that the ALJ failed properly to assess plaintiff's limitations as required by court precedent. When examining whether a claimant can return to her prior work, an ALJ is required to determine the specific physical demands of her past relevant work and then compare those to her present capabilities. *Strittmatter v. Schweiker*, 729 F.2d 507, 509 (7th Cir. 1984); *Nolen v. Sullivan*, 939 F.2d 516, 518 (7th Cir. 1991). This is precisely what the ALJ failed to do with respect to plaintiff's visual capabilities. While a district court may decline to reverse and remand an ALJ's decision where it is clear that a procedural error was harmless, *see Alejandro v. Barnhart*, 291 F. Supp. 497, 515 (S.D. Tex. 2003), the court could not make such a finding in this case. Rather, the ALJ's procedural error formed the primary basis of the court's reversal and remand. (*See* Order of July 19, 2006, at 14-15.) The ALJ's procedural error had serious consequences. It led the VE to select a job description ("restaurant manager") that did not accurately describe plaintiff's past work as a fast-food manager. The VE's incorrect job categorization in turn led the VE and ALJ to assume, without basis, that plaintiff could meet the visual requisites of her past work.

When the Commissioner defends an ALJ's failure to comply with a Social Security regulation, the government's position is not substantially justified for EAJA purposes. *Henderson v. Barnhart*, 257 F. Supp. 2d 1163, 1168 (E.D. Wis. 2002) (quoting *Williams v. Chater*, No.

4

96-C-1833, 1996 WL 650620, at *2 (N. D. Ill. Nov.7, 1996)) ("Where an ALJ does not comply with the clear requirements of [an] SSR . . . and the Commissioner opposes reversal and remand, the Commissioner's position is not substantially justified ."). Similar treatment seems warranted where, as here, the Commissioner defends the ALJ's failure to comply with the clear requirements set forth in long-standing court precedent (i.e., *Strittmatter* and *Nolen*), especially where the ALJ's procedural error is not harmless.

For the above reasons, I find that the government's position in the underlying litigation was not substantially justified.

**IT IS THEREFORE ORDERED** that plaintiff's motion for award of attorney's fees is hereby **GRANTED** in the amount of $5,880.00.

Dated this   8th   day of November, 2006.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge